OPINION
BENDER, Chief Justice,
delivered the Opinion of the Court.
This is an appeal by the Nation from a trial court order dismissing appellee’s prosecution for driving while intoxicated. We reverse the trial court’s order of dismissal and remand the case to that court for further proceedings.
FACTS
The relevant facts are not in dispute. During the early afternoon of April 22, 2004, appellee, a tribal member, and a female companion were observed by witnesses standing naked, and apparently urinating, near their vehicle, which was at a location within the Nation’s reservation. The witnesses telephoned the tribal police, who dispatched an officer to the scene. Before the officer arrived, however, the witnesses notified the police that appellee and his companion had returned to their vehicle and were driving toward the city of Fountain Hills, which borders the Nation’s *146 reservation. The witnesses, who apparently kept in touch with the police dispatcher by'cell phone, followed appellee’s vehicle. The police officer who had been dispatched to the scene changed direction in order to intercept appellee and the witnesses. The officer did not see appellee’s vehicle until it, and the witnesses, had left the reservation. The witnesses identified appellee’s vehicle, which appellee was driving. The officer stopped the vehicle, smelled liquor, and conducted a field sobriety test on appellee. The test indicated that appellee was intoxicated. Appellee was charged both with driving while intoxicated (DUI), in violation of §§ 16-232 and 234 of the Nation’s Law and Order Code, and with disorderly conduct, in violation of § 6-5 of the Code. Appellee pled guilty to the disorderly conduct charge and it is not before us. This is an appeal from the trial court’s dismissal of the DUI charge.
DISCUSSION
1. The evidence that the Nation would use to show that appellee was driving while intoxicated was discovered as a result of an off-reservation vehicle stop that was made, not because of suspicion of appellee’s intoxication, but because of his alleged on-reservation disorderly conduct. The trial court correctly recognized that when police lawfully stop a vehicle for a “traffic” violation such as ignoring a stop sign or a red light and, as a result of that stop, discover evidence of driver intoxication, they may use that evidence to support a Dili charge, even though the stop was not made because of any suspicion of intoxication. In the trial court’s view, however, when a vehicle is lawfully stopped by police for a '«©«-“traffic” reason, evidence of intoxication obtained as a result of that non-traffic-related stop cannot be used to support a DUI prosecution. Since the only evidence of intoxication in this case was obtained through the vehicle stop for disorderly conduct—a non-traffic offense—the trial court held the evidence inadmissible and dismissed the prosecution.
The trial court incorrectly distinguished between evidence of intoxication obtained as a result of a lawful vehicle stop for a traffic infraction, and evidence obtained as the result of a lawful non-traffic-offense stop. If evidence of intoxication obtained as the result of a lawful vehicle stop for a “traffic” offense, such as speeding, can be the basis for a DUI charge, we see no reason to exclude such evidence because the stop was made for a non-traffic-related offense. The relevant question is not why the stop was made but Whether the stop was lawful and made by the police in good faith. Evidence should ordinarily be excluded when it is obtained as the result of police misconduct. When no police misconduct has occurred, no purpose is served by excluding evidence that shows that an offense has occurred. If sufficient cause existed in this case for police to stop appellee for his alleged on-reservation disorderly conduct, the evidence of appellee’s intoxication obtained as a result of that stop should not be excluded merely because the stop was not for a “traffic” violation.
2. Appellee also appears to argue that the DUI charge should be dismissed because the police obtained evidence of appellee’s intoxication through a vehicle stop that took place outside, rather than within, the boundaries of the Nation’s reservation. Appellee suggests that the DUI charge should therefore have been referred to state law enforcement authorities. Appellee is charged in this case, however, not with driving while intoxicated in Fountain Hills (a state offense), but with driving while intoxicated on the reservation, a charge that the Nation, not the *147 state, can prosecute. The Nation apparently contends that, in light of the level of alcohol found in appellee, and the short, period of time that had elapsed between appellee’s leaving the reservation and his arrest, appellee must have been: intoxicated while driving from the site of the alleged disorderly conduct to the reservation boundary. The Nation will, of course, have to establish the truth of that contention in order to secure a conviction in tribal court for on-reservation DUI.
CONCLUSION
The case is REMANDED to the trial court for further proceedings not inconsistent with this opinion.